Good morning, Mr. Hutchinson. You have two minutes for rebuttal whenever you're ready. Thank you very much, Your Honors. Good morning. May it please the Court, Kendra Hutchinson of the Federal Defenders. For the appellant in this matter, Mr. Gary Thomas. This case presents a very straightforward issue. The district court here abused its discretion in denying Mr. Thomas' pro se compassionate release motion. First, because it did not take sufficient account of the mitigation that was set forth in the motion. Second, because it relied too heavily on the analysis in its first denial. And third, because it focused too heavily on one of the 3553 factors, the exclusion of the others. So to begin with the first, here Mr. Thomas, you know, filed a lengthy pro se motion with a number of bases of, you know, of mitigating bases for, to urge the court to grant compassionate release. That included two in particular that spoke to the court's denial of the first motion. So in the first motion, the district court cited both Mr. Thomas' lack of acceptance of responsibility and his disciplinary history in denying that motion. Mr. Thomas addressed both of these and more in this second motion. And while the district court here acknowledged, among others, Mr. Thomas' acceptance of responsibility, it did not address the fact that he came forth with mitigating reasons for his disciplinary history. And to discuss that really very quickly, on page five of my brief, I misspoke. The government did note this. I stated that Mr. Thomas made, you know, he had two disciplinary infractions, one of which was involved emailing, you know, emailing infraction, and the other involved calling his family in 2020. I noted that Mr. Thomas had made this FaceTime call to, you know, after hearing that his father had been murdered. The government is correct. His father had been murdered several years before. In fact, you know, and this is set out on A78 and 79 of the appendix, just to make this very clear. It's that Mr. Thomas felt a deep sense of anxiety as the COVID pandemic started because of the murder of his father and wanted to have the opportunity to say goodbye to his family. The government also states that the COVID pandemic had not begun in February. The CDC had already started screening passengers. Wuhan had been locked down in January. Italy was locked down the day before. So the COVID-19 pandemic was in the news, and so it's not incredible that Mr. Thomas would have heard of it and made this call. And so the second — so, again, the Court did not take account of many of the factors that Mr. Thomas brought up, most importantly the disciplinary history. Now, in addition, the district court relied too heavily on the analysis that had performed in the first — in its first denial of the motion on both A95 — 195 and 196, stated that it was denying the motion substantially for the reasons stated in the first motion denial. Given that the judge had, in the first denial, cited the disciplinary history but was not citing it here, that was not — and Mr. Thomas had proffered, you know, additional mitigating evidence about this disciplinary history. The case where the government cites the case where it says the district court is not required to take each piece of mitigating evidence and individually address it. The district court here did address several aspects of the mitigating evidence in the second motion, explained why she still believed the other factors outweigh that. So why should we believe that the district court didn't see these — especially where it's not as if the district court still relied on the disciplinary interactions, that was not mentioned in the denial. So how do you get around those cases? Yeah, I mean, I think the problem here is that there's, you know, these interlocking issues here, is that the district court did not cite — and I understand, Judge, the case law on this issue. You know, I understand that. But the problem here is both that the judge did not cite the — you know, cite all of the mitigation, number one, and then relied on its earlier denial, which this had been addressed in the mitigation. And so there's this sort of interlocking error here that I think overcomes the presumption that a judge would — is indeed considering all the factors. Mitigation didn't address — the main reason I took for the judge's decision to deny the motion again was the seriousness of the conduct, and that didn't change. No mitigation changed how serious his conduct was and his role. That seemed to be your focus, right? And the district court did focus heavily on the seriousness of the conduct. And, you know, we argue that it was to the exclusion of the other 3553 factors, as we've set forth in our briefing. And if the Court has any further questions? Okay. Thank you. Thank you very much. All right. We'll hear from the government. Mr. Thompson? Good morning, and may it please the Court. My name is Brandon Thompson. I represent the United States in this appeal. This Court should affirm the district court's decision denying appellant's motion for compassionate release. Judge Nathan did not abuse her discretion in denying appellant's motion. Appellant's argument relies on the incorrect premise that Judge Nathan failed to consider new bases for his compassionate release. But as set forth in the government's papers, the vast majority of the grounds that appellant describes as new were not new at all. They were put before the Court in appellant's first motion for compassionate release. There's no basis in the record to conclude that Judge Nathan overlooked new grounds supporting the relief that appellant sought. Judge Nathan did not abuse her discretion in balancing the 3553A factors. She had applied those factors to appellant on two previous occasions, when imposing his sentence and when denying his first motion for compassionate release. Judge Nathan explicitly incorporated by reference these analyses into her evaluation of how the section 3553A factors applied to the appellant's second motion for compassionate release. And Judge Nathan explicitly referenced specific factors, rehabilitation, acceptance of responsibility, the needs of the appellant's ill family members, and his desire to return to and serve his community before concluding that compassionate release was not warranted in light of the seriousness of appellant's offense, the need to protect the public, and the need to afford deterrence. Judge Nathan's reasoned and careful consideration of the 3553A factors in no way constitutes an abuse of discretion. Do you think there might be a circumstance in which a district court's repeated reliance on the gravity of the offense, notwithstanding years and years that have passed, and the age of the person seeking relief, and external conditions, you know, family, health, and the pandemic, do you think there are circumstances in which it might be appropriate to find an abuse of discretion and over-reliance on the initial offense? Your Honor, I assume that could be possible hypothetically, but that's not what happened here. The record makes clear that Judge Nathan considered the defendant's rehabilitation since even his first motion for compassionate release and his increasing acceptance of responsibility. So while the judge did consider the seriousness of the offense, she explicitly referenced other 3553A factors in determining that compassionate release was not warranted. And of course, Your Honor, a district judge is presumed to have considered all 3553A factors, whether or not she enumerates them in her decision. If the panel has no questions, the government is happy to rest on its papers. Mr. Thomas is in his 60s. He served 10 out of his 18 years in prison. He's done a fantastic job at rehabilitation, as Judge Nathan did acknowledge in the second order. He set forth numerous bases for why compassionate release is warranted. And I think this record does not convince us that all of these were considered or that, you know, that it was not … But we've just said the court doesn't have to be explicit about its consideration of each individual factor, right? Right. But I think this record does not convince us of that. And for that reason, I'd ask the Court to remand. Thank you. Thank you, Mr. Hutchinson. Thank you, Mr. Thompson. This was our decision. Have a good day.